UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE WAKLEY, DAVID PACIOREK, INDIVIDUALLY AND AS GUARDIANS OF THE MINOR CHILD K.P., K.P., <br>     *Plaintiffs*, <br><br> *vs.* <br><br> FRONTERA PRODUCE, LTD., PRIMUS GROUP, INC., CH ROBINSON WORLDWIDE, INC., ALDI, INC., JOHN DOES 1-10. <br>     *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-cv-00135-JMS-DML |

# **ORDER**

This case was recently transferred to this Court from the Northern District of Illinois. This Order addresses two issues: subject-matter jurisdiction and attorney registration.

Regarding subject-matter jurisdiction, Plaintiffs' Amended Complaint appears to predicate this Court's subject-matter jurisdiction on diversity. [Dkt. 7.] This Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). There are at least three issues preventing the Court from assuring itself that diversity jurisdiction is proper. First, in their Amended Complaint, Plaintiffs allege that "[a]t all times relevant to this action, [they] resided in Hamilton County, Indiana." [Dkt. 7 at 1.] However, an allegation of residence is inadequate to establish citizenship. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Second, Plaintiffs fail to allege that the amount in controversy is met. [*See* dkt. 7.] To establish diversity jurisdiction, Plaintiffs must, among other things, allege that "the matter in

1

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Third, Plaintiffs failed to adequately allege the citizenship of Defendant Aldi, Inc. ("Aldi"). They allege that Aldi "is a domestic corporation with its principal office located in Batavia, Illinois." [Dkt. 7 at 2.] Such an allegation is insufficient. For the purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Therefore, Plaintiffs must set forth the specific state or states in which Aldi is incorporated and where its principal place of business is located (which is not necessarily the same place as its principal office). *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

To cure these jurisdictional concerns, if the parties agree on the matter, they must file a joint jurisdictional statement that properly sets forth the citizenship of Plaintiffs and Aldi. Furthermore, the parties should also confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs. Should the parties not agree about these matters, they must file individual jurisdictional statements setting forth their positions by **February 18, 2014**.[1]

Finally, the Court notes that Plaintiffs' attempt to sue "John Does 1-10." [Dkt. 7 at 2-3.] "But because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

---

[1] The Court recognizes that Plaintiffs recently filed a Motion to Amend/Correct their Amended Complaint. [Dkt. 70.] The proposed Amended Complaint attached to that motion cures the jurisdictional defects identified in this Order regarding Plaintiffs' citizenship and the amount in controversy, but not the issues regarding Aldi's citizenship. [Dkt. 70-2 at 1-3.] Because Plaintiffs' motion remains pending, the Amended Complaint, [dkt. 7], remains operative until such time as any further amendment is permitted.

Plaintiffs allege that these defendants' "identities are not known to Plaintiffs at this time" and that "Plaintiffs will seek leave of the Court to amend [their] Complaint at such time that the identities of these parties become known." [Dkt. 7 at 2-3.] Plaintiffs should seek such leave if they intend to sue these yet identified entities, and the Court will decide if such leave is proper at that time. However, at this time, those Defendants will not be considered part of the suit.

Regarding attorney registration, all attorneys in this case must be admitted to practice before this Court in accordance with either Local Rule 83.5(b) or (c). Moreover, only attorneys who are admitted to practice before this Court and who have proper appearances in this case are entitled to receive service of Court entries and orders. Counsel are thus cautioned that after this Order, no further entries or orders will be served on attorneys who are not properly admitted to practice before this Court and have not properly appeared in this case. The Court assumes that counsel not now admitted to practice before this Court will act promptly, pursuant to either Local Rule 83.5(b) or (c), to remedy that problem. In the meantime, attorneys who are not currently admitted should frequently check the docket of this case through PACER to ensure that they do not miss any dates and deadlines.

Accordingly, the Court **ORDERS** the parties to file their jurisdictional statements with respect to subject matter jurisdiction in the manner set forth above by **February 18, 2014**.

02/03/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution by U.S. Mail to:**

Allie MacInnis Burnet
Susan Jane Best
Best, Vanderlaan & Harrington
25 East Washington Street, Suite 800
Chicago, IL 60602

James Franklin Best
Best, Vanderlaan & Harrington
25 East Washington Street, Suite 210
Chicago, IL 60602

Angela Marie Kotsalieff
Patrick Theodore Garvey
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603

Eleonora Paloma Khazanova
Michael Anthony Airdo
Kopon Airdo, LLC
233 South Wacker Drive, Suite 4450
Chicago, IL 60606

R. Drew Falkenstein
Marler Clark, LLP, PS
1301 Second Avenue, Suite 2800
Seattle, WA 98101

Troy A Brinson
Newland & Newland LLP
121 S. Wilke Rd., Suite 301
Arlington Heights, IL 60005

Gary A. Newland
Newland Newland & Newland
121 South Wilke Road, Suite 101
Arlington Heights, IL 60005

James William Davidson
Kevin Michael O'Hagan
O'Hagan LLC
1 East Wacker, Suite 3400
Chicago, IL 60601

**Distribution by ECF to:**

Jack A. Kramer
TAUBER WESTLAND & BENNETT P.C.
jkramer@wkb-law.com

Kevin G. Owens
JOHNSON & BELL, LTD.
owensk@jbltd.com

William D. Marler
MARLER CLARK, L.L.P., P.S.
bmarler@marlerclark.com