UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE WAKLEY, DAVID PACIOREK, INDIVIDUALLY AND AS GUARDIANS OF THE MINOR CHILD K.P., K.P.,<br>  *Plaintiffs*,<br><br>  *vs.*<br><br>FRONTERA PRODUCE, LTD., PRIMUS GROUP, INC., ALDI, INC., and JOHN DOES 1-10.<br><br>  *Defendants*. | )<br>)<br>)<br>)  1:14-cv-00135-JMS-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**[1]

On February 3, 2014, the Court entered an Order requiring the parties to file a joint jurisdictional statement that properly set forth the citizenship of Plaintiffs Michelle Wakley and David Paciorek, individually and as guardians of the minor child, K.P., of the minor child K.P., and of Defendant Aldi, Inc. ("Aldi"). [Filing No. 71, at ECF pp. 1-2.] The Court also required the parties to set forth whether the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for the Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [Filing No. 71, at ECF pp. 1-2.]

In response, the parties filed a Joint Jurisdictional Statement on February 14, 2014 which adequately sets forth the citizenship of the Plaintiffs, but – despite clear direction from the Court in the February 3, 2014 Order – not the citizenship of the Defendants or the amount in controversy. [Filing No. 84.] Specifically, the Court notes that the parties' statements regarding Aldi's citizenship are insufficient to establish diversity jurisdiction because the parties state that

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case and to legal authority. Instead of the citation format "dkt. __ at __" used previously in this case, the Court now uses "Filing No. __, at ECF p. __" as its citation format.

1

Aldi's "principal office" is located in Illinois.  As set forth in the Court's February 3, 2014 Order, for the purposes of diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1); Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 676 (7th Cir. 2006).  Plaintiffs must set forth the specific state where Aldi is incorporated and has its *principal place of business* – and "principal place of business" is not necessarily the same as "principal office."  See Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).  The same holds true for Defendant Primus Group, Inc. ("Primus").  Plaintiffs must set forth Primus' state of incorporation and where it has its principal place of business, not principal office.

As to Defendant Frontera Produce, Ltd. ("Frontera"), the Court notes that in the Joint Jurisdictional Statement it is listed as a "Texas limited partnership with its principal office located in Texas as well."  [Filing No. 84, at ECF p. 1.]  This conflicts with Plaintiffs allegations in the Amended Complaint and proposed First Amended Complaint that Frontera is "a Texas corporation with its principal place of business located in Edinburg, Texas," [Filing No. 7, at ECF p. 1; Filing No. 70-2, at ECF p. 1], and raises a new jurisdictional issue.  The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner."  Hart v. Terminex Int'l, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  Id. at 543.  Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient.  See Peters v. Astrazeneca LP, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity, "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").  Accordingly, Plaintiffs must

2

provide the citizenship of each partner of Frontera, with each traced down to its lowest level, so that the Court can determine whether it has diversity jurisdiction over this matter.

Finally, the Court stated in its February 3, 2014 Order that in order to establish that the amount in controversy is met, "Plaintiffs must, among other things, allege that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" [Filing No. 71, at ECF pp. 1-2.] While the parties state that the amount in controversy "exceeds $75,000" in the Joint Jurisdictional Statement, they do not specify whether it exceeds $75,000 "exclusive of interest and costs," as required by 28 U.S.C. § 1332(a).

Accordingly, the Court **ORDERS** the parties to file a Second Joint Jurisdictional Statement by **February 28, 2014** which carefully addresses the jurisdictional concerns noted herein and in the Court's February 3, 2014 Order. Should the parties disagree regarding any jurisdictional issues, they must file individual jurisdictional statements setting forth their positions by **February 28, 2014**.

**Distribution via ECF only to all counsel of record**