UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE WAKLEY, DAVID PACIOREK, INDIVIDUALLY AND AS GUARDIANS OF THE MINOR CHILD K.P., K.P., <br>     *Plaintiffs*, <br><br> *vs.* <br><br> FRONTERA PRODUCE, LTD., PRIMUS GROUP, INC., ALDI, INC., and JOHN DOES 1-10. <br><br>     *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-cv-00135-JMS-DML |

# **ORDER**[1]

On February 20, 2014, the Court entered its second jurisdiction-related order in this matter, requiring the parties to correctly set forth the citizenship of Defendants Frontera Produce, Ltd. ("Frontera"), Primus Group ("Primus"), and Aldi, Inc. ("Aldi"), and the amount in controversy. [Filing No. 91.]

In response, the parties filed a First Amended Joint Jurisdictional Statement on February 27, 2014, [Filing No. 96], which adequately sets forth the citizenship of Primus and Aldi and the amount in controversy. The Statement does not provide sufficient information regarding the citizenship of Frontera, however. Specifically, the parties stated that Frontera is a Texas limited partnership with its principal place of business in Texas, that the partnership is owned and operated by general partner Frontera Partnership Management ("Frontera Partnership") and limited partners Will Steele and Jim Steele, that Frontera Partnership is a Texas limited liability

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case and to legal authority. Instead of the citation format "dkt. __ at __" used previously in this case, the Court now uses "Filing No. __, at ECF p. __" as its citation format.

1

corporation with its principal place of business in Texas, and that Will Steele and Jim Steele are citizens of Texas. [Filing No. 96.]

The allegations regarding Frontera are problematic because they do not trace the citizenship of Frontera "through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). As set forth in the Court's February 20, 2014 Order, the citizenship of unincorporated associations is "the citizenship of all the limited partners, as well as of the general partner." *Id.* at 542. While the Statement provides that Frontera's general partner is Frontera Partnership and its limited partners are Will Steele and Jim Steele, it does not provide any information regarding the partners of Frontera Partnership. In order for the Court to determine whether it has diversity jurisdiction in this matter, it must be informed of the citizenship of Frontera Partnership's partners as well, their partners, and so on and so forth until traced down to the lowest layer. In other words, the Court must know the citizenship of every entity – including every partner – in Frontera's family tree.

Accordingly, the Court **ORDERS** the parties to file a Third Joint Jurisdictional Statement by **March 12, 2014** which carefully addresses the jurisdictional concerns noted herein. Should the parties disagree regarding any jurisdictional issues, they must file individual jurisdictional statements setting forth their positions by **March 12, 2014**.

**Distribution via ECF only to all counsel of record**